# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANGELA ETHEL BROOKS-NGWENYA, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>INDIANAPOLIS PUBLIC SCHOOLS, )<br>)<br>Defendant. ) | 1:11-cv-0483-SEB-DKL |

### E N T R Y

In acting on the motion to dismiss in this case, the court reached the conclusions that Brooks-Ngwenya's copyright infringement and trademark infringement claims were barred by *res judicata* and the claim of attorney misconduct failed to state a claim upon which relief could be granted.

Judgment was entered on the clerk's docket on September 26, 2012. The judgment was based on the court granting the motion to dismiss portion of the defendant's motion to dismiss and alternative motion for summary judgment. That ruling was made after the defendant's motion was fully briefed. This included several responses by Brooks-Ngwenya. That ruling was also made after the parties were notified that there would be no conversion of the motion to dismiss to a motion for summary judgment. There was no appeal filed and the only post-judgment motion filed is the "motion to submit a motion to vacate" (hereafter "motion") filed on January 10, 2013, and referred to in this Entry.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend judgment must be filed within 28 calendar days from the entry of judgment. That time period cannot be extended. As to Rule 59(e), therefore, the motion must be denied because it was filed more than 100 days after the entry of judgment on the clerk's docket.

A post-judgment motion filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States,* 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch,* 981 F.2d 299, 301 (7th

Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir. 2001).

Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28–day deadline for filing a Rule 59(b) motion. Fed. R. Civ. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir. 2000); *Parke–Chapley Constr. Co. v. Cherrington,* 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence").

Brooks-Ngwenya's motion submits material ostensibly in opposition to a motion for summary judgment. As has been reviewed above, however, the case was not concluded through the entry of summary judgment, nor on materials outside the pleadings. Additionally, the case was concluded only after the defendant's motion to dismiss was fully briefed. There is no reason offered why these materials or the argument based on them were not submitted previously. There is the hint of a suggestion as to why the motion was so long delayed in being filed, but that does not explain why these matters were not timely filed.

In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, *Fed. R. Civ. P.* 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). The motion does not show either of these circumstances. Additionally, relief from judgment under Rule 60 is warranted "only upon a showing of extraordinary circumstances that create substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986). The motion does not establish or even suggest that this is the case here.

The motion [35] is therefore **denied.**

**IT IS SO ORDERED.**

Date: 01/23/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Angela Ethel Brooks-Ngwenya
4731 Glenmary Dr.
Fort Wayne, IN 46806

Roberta Sabin Recker
rsrecker@FaegreBD.com